**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDALL NATHAN AKINS,

                       Petitioner,                    Case Number: 05-CV-71865

v.                                          HON. PAUL D. BORMAN

MILLICENT D. WARREN,

                       Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

       Petitioner Randall Nathan Akins, is currently incarcerated at the Thumb Correctional

Facility in Lapeer, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus, pursuant

to 28 U.S.C. § 2254, challenging his convictions for second-degree murder and possession of a

firearm during the commission of a felony.  For the reasons set forth below, the Court denies the

petition.

**I.**        **Background**

       On September 5, 2003, Petitioner pleaded no contest to second-degree murder and felony

firearm.  In exchange for his plea, the prosecutor agreed to dismiss a first-degree murder charge,

and a habitual offender charge, and agreed to a minimum sentence of 22 ½ years.  On the date

set for sentencing, Petitioner moved to withdraw his plea, claiming that he was pressured into

entering the no contest plea.  The trial court judge denied the motion and, on September 24,

2003, sentenced Petitioner to 22 ½ to 45 years imprisonment for the murder conviction, to be

served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the following claim:

> It was clearly erroneous for the circuit court to deny defendant's motion to withdraw his plea because Mr. Akins' plea was involuntary, in violation of the state and federal due process clauses, and he is entitled to withdraw it where, according to Mr. Akins, he was coerced to plead guilty by his attorney.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  People v. Akins, No. 254608 (Mich. Ct. App. May 18, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claim presented to the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  People v. Akins, No. 126444 (Mich. Nov. 22, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claim:

> Petitioner's nolo plea was not voluntarily made in violation of the State and Federal Due Process Clauses where Petitioner's attorney coerced him into pleading guilty.

## II.      Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

2

State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations. 28

U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the
> governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of

this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable

---

[1]    28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State
court, a determination of a factual issue made by a State court shall
be presumed to be correct.

application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

Id. at 409-11.

## III.   Discussion

Petitioner claims that he is entitled to habeas corpus relief because his guilty plea was involuntary.  Petitioner alleges that the his plea was involuntary because his attorney coerced him into pleading guilty by refusing Petitioner's request for more time to consider the offer and by generally pressuring Petitioner, who was emotionally spent, into accepting the offer.  Petitioner further alleges that he should have been permitted to withdraw his plea because, three days after he entered his plea and prior to sentencing, a missing witness, San Diego Vega, was located and purportedly was willing to provide testimony which would be favorable to Petitioner's defense.

As an initial matter, the Court considers Respondent's argument that the Court should decline to consider the claim under the concurrent sentence doctrine.  "The concurrent sentence doctrine permits a federal court to decline to review habeas corpus petitions 'which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions."  Wilson v. Straub, 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002), *quoting*  Ayers v. Doth, 58 F. Supp. 2d 1028, 1033

4

(D. Minn. 1999).  Subsequent to the conviction challenged in the pending petition, Petitioner was sentenced to a minimum of 23 ½ years imprisonment for an assault with intent to murder conviction.  Respondent argues that this later sentence completely subsumes the conviction challenged in this petition and, therefore, the Court should decline the review the validity of this conviction.  However, it appears that direct state court review of the later conviction has not yet been completed.  That conviction is not considered final for purposes of habeas corpus review, and may yet be reversed in state court.  Therefore, the Court exercises its discretion and declines to apply the concurrent sentence doctrine to this case.

To be valid, a guilty plea must be voluntarily and intelligently made.  Brady v. U.S., 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  Id. at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  Id. at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  Id. at 755, 757.  "[T]he decision whether or not to plead guilty ultimately rests with the client."  Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during

5

> the plea colloquy (which he now argues were untruthful) indicating the opposite.
> This we will not do, for the plea colloquy process exists in part to prevent
> petitioners . . . from making the precise claim that is today before us.  "[W]here
> the court has scrupulously followed the required procedure, the defendant is
> bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting* Baker v. United States, 781 F.2d

85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner stated that no one coerced or pressured him into

accepting the plea.  *See* Transcript of Plea Proceedings, Sept. 5, 2003.  This was one of many

factors the trial court relied upon in denying Petitioner's motion to withdraw his plea.  The trial

court also concluded that the newly-located witness, San Diego Vega, who was also a friend of

Petitioner's, would not have offered any testimony new or different from testimony already

available to Petitioner.  It would not have altered the defense's theory of the case, but would

have merely been cumulative.  The trial court held that locating this previously missing witness

did not justify withdrawal of the plea.  Finally, the trial court discussed the four hours

Petitioner's attorney provided him to consider the plea offer.  The trial court was not persuaded

that time pressures that accompanied the plea offer rendered the plea involuntary.  The court

noted that an impending trial does not render a plea involuntary and every criminal defendant

deciding whether to accept a plea offer faces similar pressures.  *See* Sentencing Transcript, Sept.

24, 2003.

The Court finds that the trial court's conclusion that the plea was voluntarily entered was

not contrary to or an unreasonable application of Supreme Court precedent.  As the trial court

noted, Petitioner was given ample opportunity at the plea hearing to inform the trial court judge

that he felt pressured into accepting the plea agreement.  Petitioner is "bound by his statements"

during the plea colloquy that he was not coerced into entering the guilty plea.  Ramos, 170 F.3d at 564 (6th Cir. 1999) (internal quotation omitted).  In addition, if a defendant's agitated emotional state alone was considered sufficient to render a plea involuntary, the entire plea process would be rendered unworkable.  It is the rare criminal defendant who does not suffer some anguish, agitation, and stress as a result of being charged with a crime and anticipating an impending trial.  *See* Miles v. Dorsey, 61 F.3d 1459, 1470 (10th Cir. 1995) ("Although deadlines, mental anguish, depression and stress are inevitable hallmarks of pretrial plea discussions, such factors considered individually or in the aggregate do not establish that Petitioner's plea was involuntary.").  Moreover, Petitioner's reassessment of the strength of the state's case against him, based upon the anticipated testimony of Vega, also did not render his plea involuntary.  *See* United States v. Figueroa, 757 F.2d 466, 475 (2d Cir. 1985).

Petitioner has failed to show that the trial court's decision that his plea was voluntary and knowing was contrary to or an unreasonable application of Supreme Court precedent.  Thus, the Court denies habeas corpus relief.

**IV.     Certificate of Appealability**

The Court next addresses whether Petitioner's claim warrants the issuance of a certificate of appealability.  Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDonnell, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claim to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

**V.      Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


**s/Paul D. Borman**                                   
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**


**Dated:  August 15, 2006**

8

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 15, 2006.

s/Denise Goodine
Case Manager